## Commonwealth v. Payne.

### (Decided April 18, 1911.)

### Appeal from Allen Circuit Court.

Dog Tax—Failure to Pay—A tax payer who fails to pay his dog tax after he has listed the dog with the assessor is not liable to a fine under subsection 7 of section 68a Kentucky Statutes.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General and SHERMAN B. DIXON, for appellant. GOAD and OLIVER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The charge against appellee, Will Payne, upon which this prosecution is based, is in these words:

"The said Payne did then and there unlawfully fail to pay the tax on a dog listed by him for taxation for the year 1910, tax for same being due March 1st of said year. Said Payne did own and keep said dog on his premises or elsewhere."

Subsection 7 of section 68a, Kentucky Statutes, under which this prosecution was instituted, is as follows:

"Any owner or harborer of a dog, subject to be taxed, who shall fail or refuse to list the same with the assessor, shall be fined in any sum not exceeding $10 for each dog he so fails or refuses to list for taxation; and any person who shall keep or harbor a dog upon his premises or elsewhere, and who fails or refuses to pay the tax thereon when due, shall be fined in any sum not exceeding $25 for each offense and, upon conviction, the judgment may include an order requiring such dog to be killed. which order may be executed by any peace officer, who shall be allowed $1 therefor, to be taxed as costs."

The circuit court held that no offense was stated against the defendant. The prosecution having been dismissed, the Commonwealth appeals.

Reading the section as a whole we think it manifest that the Legislature did not intend to impose a fine of $25 on a man for failing to pay his taxes. While taxes are not strictly a debt, they are a demand against the taxpayer, and the entire legislative history of the State shows that the mere non-payment of such taxes has never been made a public offense. Imprisonment for debt has been abolished, and this would be practically to imprison a man for the nonpayment of money. The words "fail or refuse" in the statute should be read as synonymous. The refusal to list the dog subjects the owner or harborer of it to a fine of $10. The next clause of the statute was aimed at a class of persons who keep or harbor dogs upon their premises or elsewhere and yet do not claim to own them. It is well known that many persons when the assessor comes around disclaim the ownership of dogs seen on their premises. The second clause of the statute was aimed at this class of persons. If a person keeps or harbors a dog upon his premises or elsewhere, and fails to list it with the assessor, and to pay the tax on it, he is subject to a fine of $25. The person who keeps or harbors a dog and does not list it. becomes liable to the $10 penalty; he may escape the $25 penalty if, after this, he pays the tax on it. But the statute was not intended to punish the owner of a dog simply for failing to pay his taxes after he has given in his list as required by law.

Judgment affirmed.